[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATE OF CONNECTICUT v. BILLY JOSEPH SANTOS
 DATE OF SENTENCE: 09 September 1994 DATE OF APPLICATION: 09 September 1994 DATE OF APPLICATION FILED: 26 September 1994 DATE OF DECISION: 23 April 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Fairfield, Docket Number CR92-31110.
James Ruane, Esq. Counsel for the Petitioner
Joseph Corradino, Esq. Counsel for the State
SENTENCE AFFIRMED
 BY THE DIVISION
After a trial to 3 judge panel Billy Joseph Santos, the petitioner, was found guilty of Murder (in violation of Connecticut Gen. Statutes 53a-54a) a crime which provides a penalty of not less than 25 years nor more than 60 years incarceration, and Carrying a Pistol Without a Permit (in violation of Connecticut Gen. Statutes 29-53) a crime which provides a penalty of one to 5 years incarceration. The petitioner was sentence on the murder to 35 years and on the pistol charge to 5 years, consecutive, for a net effective sentence of 40 years incarceration. It is this sentence the petitioner seeks to have reviewed. CT Page 6754
The record reveals that one George Ramos was injured in some manner. The petitioner, 16 years of age at the time, was attempting to get Mr. Ramos to a hospital and sought transportation from a passing motorist, the victim. When the victim, Lee Ann Strong, refused to assist, the petitioner fired his handgun at her. The victim was struck and expired from the gunshot.
At the hearing before the Division counsel for the petitioner argued relevant to 1) the offender's background and 2) the operative events of the crimes. Counsel stressed that at the time of the event the petitioner was merely 16 years of age, his family had a history of domestic turbulence, the petitioner had a substance abuse problem and a psychiatric report indicated that the petitioner was learning disabled and was a confused and troubled young man. Counsel opined that petitioner would be more positive in the future.
Counsel next discussed the unusual circumstances of the case. That at the time of the incident the petitioner was involved in narcotics activity at a drug house. Petitioner was there to sell. A person (Mr. Ramos) is shot and petitioner runs to got assistance. A truck pulls up to the premises and petitioner seeks assistance from the driver in order to transport Mr. Ramos to the hospital. The driver, Lee Ann Strong, refuses and begins to drive away. Petitioner turns and fires his gun at driver, Ms. Strong, as she departs. She is killed.
Counsel for the petitioner categorizes the conduct as "certainly reckless" and asks rhetorically whether the gun charge is part and parcel of the murder charge and questions the appropriateness of a five year consecutive sentence for the "instrumentality" of the crime.
Counsel concludes by observing that the case "deserves the minimum."
The petitioner addressed the Division and indicated that his "crime is unforgivable." Petitioner asked the Division to show some consideration in that "I've grown . . . I hope to one day go back to society as a working man." The petitioner did express remorse for the homicide.
Counsel for the State countered by asserting that the positive aspects of the petitioner were taken into consideration by the sentencing panel; that the conduct of the petitioner was not reckless but intentional. Counsel indicates that at the time of the incident the petitioner was making $500 a day. Counsel opined that the sentence was mid-range and appropriate.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence CT Page 6755 Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of the Connecticut Practice Book §43-28 et seq., and Connecticut General Statute § 51-94 et seq.
We have before us a young man who was previously adjudicated as a delinquent for carrying a pistol without a permit and narcotics charges. Apparently, efforts were made to get petitioner substance abuse treatment, but he did not co-operate. The judicial intervention (in juvenile court) and ensuing probation did nothing to deter petitioner's criminal behavior. Petitioner has clearly demonstrated by his conduct that he is a danger to the public.
The sentence imposed was neither inappropriate or disproportionate.
The Sentence is AFFIRMED.
 ___________________, J. Miano
 ___________________, J. Klaczak
 ___________________, J. Norko
Miano, J., Klaczak, J. and Norko, J. participated in this decision.